UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRUCE ANTHONY McPHERSON,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al.,<br><br>  Defendants. | Case No.: 1:25-cv-01026-KES-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS PREMATURE**<br><br>(Doc. 12)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Michael Bruce Anthony McPherson is appearing pro se and *in forma pauperis* in this civil rights action.

**I.   RELEVANT BACKGROUND**

Plaintiff initiated this action by filing a complaint on August 15, 2024. (Doc. 1.) On August 19, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis*. (Doc. 7.) On September 29, 2025, Plaintiff filed a Motion for Summary Judgment. (Doc. 12.)

**II.   DISCUSSION**

Plaintiff's motion is premature. First, the Court has not yet screened Plaintiff's complaint. Screening of a prisoner complaint is required by 28 U.S.C. § 1915A(a). This Court is one of the

busiest district courts in the nation. Delays, while unfortunate, are inevitable.[1] Until Plaintiff's complaint has been screened, summary judgment is premature. *See, e.g.*, *Baker v. German*, No. 1:16-cv-01873-AWI-SAB (PC), 2017 WL 531937, at *1 (E.D. Cal. Feb. 9, 2017) (recommending summary judgment be denied where complaint not yet screened and service of complaint not yet authorized), recommendation adopted 2017 WL 1427028 (E.D. Cal. Apr. 21, 2017); *see also Dews v. County of Kern*, No. 14-16423, 599 Fed. App'x 681, 682 (9th Cir. Mar. 27, 2015) (finding district court properly denied Dews's motions for summary judgment as premature because a court must first screen a prisoner's complaint).

Second, discovery has not yet commenced. Although Rule 56 of the Federal Rules of Civil Procedure allows a party to file a motion for summary judgment "at any time," the rule also allows the court, as is just, to deny the motion or order a continuance for the opposing party to pursue discovery. Fed. R. Civ. P. 56. Here, no defendant has appeared in this action,[2] and thus, defendants have not had an opportunity to pursue discovery. *See, e.g.*, *Williams v. Yuan Chen*, No. S-10-1292 CKD P, 2011 WL 4354533, at * 3 (E.D. Cal. Sept. 16, 2011) (denying plaintiff's summary judgment motion as premature where defendant had not yet filed an answer and the court had not issued a discovery order); *Moore v. Hubbard*, No. CIV S-06-2187 FCD EFB P, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009) (recommending that pre-discovery motion for summary judgment be denied as premature); *see also Vining v. Runyon*, 99 F.3d 1056, 1058 (11th Cir. 1996) ("A premature decision on summary judgment impermissibly deprives the [defendants] of their right to utilize the discovery process to discover the facts necessary to justify their opposition to the motion").

//

//

//

---

[1] As Plaintiff was advised in this Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued August 15, 2025, "the Court has an extremely large number of pro se plaintiff civil rights cases pending before it, and delay is inevitable." (*See* Doc. 3 at 3.)

[2] Once the Court has determined that the complaint states a cognizable claim or claims, it "will direct the United States Marshal to initiate service of the complaint on defendants." (*See* Doc. 3 at 3, 4.)

2

### III.  ORDER AND RECOMMENDATIONS

Accordingly, based upon the foregoing, the Court **HEREBY RECOMMENDS** Plaintiff's summary judgment motion (Doc. 12) be **DENIED** as premature.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **October 21, 2025**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE

3