UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL BRUCE ANTHONY
McPHERSON,

           Plaintiff,

    v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS & REHABILITATION,
et al.,

           Defendants.

Case No.: 1:25-cv-01026-KES-SKO

**FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFF'S CLAIM AS FRIVOLOUS FOLLOWING SCREENING AND TO CLOSE THIS ACTION**

**14-DAY OBJECTION PERIOD**

Plaintiff Michael Bruce Anthony McPherson is appearing pro se and *in forma pauperis* in this civil rights action.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II.   PLEADING REQUIREMENTS

### A.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B.  Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

section 1983, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation" (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976)). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### III.    DISCUSSION

#### A.  Plaintiff's Complaint

Plaintiff names the California Department of Corrections and Rehabilitation (CDCR) as the sole defendant in this action. (Doc. 1 at 1-2.) He seeks "$ 1501,440,325,207,099.02" in damages. (*Id*. at 8.) In addition to the form complaint, Plaintiff includes a "Declaration of Judicial Notice" (*id*. at 3), and page 2 of what appears to be an order to show cause in an unidentified case after screening of a complaint (*id*. at 4).

#### B.  Plaintiff's Sole Claim for Relief

Plaintiff identifies the constitutional or other federal right violated as "Freedom From Unlawful Custody," and the issue involved as "Failure to Release." (Doc. 1 at 5.)

The entire claim reads as follows:

> "I proved through a common law declaration," specifying my cause of action, including the facts necessary to sustain a proper cause of action and to advise the (California Department of Corrections and Rehabilitation) of the grounds upon which he or she is being sued; referring to (California Department of Corrections and Rehabilitation).

(Doc. 1 at 5.) Plaintiff states his injuries include pain and suffering, disruption of family life, an inability to "pursue studies and talents," lost wages, loss of future earnings, "fear of future harm," medical expenses, emotional distress, "loss of enjoyment of life, to fame, a celebrity, a star, and life activities, and all the health problems." (*Id.*)

### C. Analysis

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override...." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court ...." *Dittman*, 191 F.3d at 1025-26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity). Therefore, because Plaintiff seeks money damages against the CDCR, an agency of the State of California, Plaintiff's claim against the CDCR is barred by the Eleventh Amendment.

Plaintiff's "Declaration of Judicial Notice" references *McPherson v. St. Andre*, No. 2:23-cv-01014-WBS-KJN in support of his claim for damages and a potential argument that he is legally entitled to a release from custody in these proceedings. The Court has reviewed the docket for that action. Plaintiff filed a petition for writ of habeas corpus (2:23-1014, Docket Entry No. 1) to which the warden responded by filing a motion to dismiss (*id.*, Docket Entry Nos. 26 & 27). The assigned magistrate judge issued findings and recommendations to grant the warden's motion (*id.*, Docket Entry No. 56) and Plaintiff filed his objections (*id.*, Docket Entry No. 59). On

4

December 21, 2023, the assigned district judge issued an order adopting the findings and recommendations, granting the warden's motion to dismiss and closing the case following entry of judgment. (*Id.*, Docket Entry Nos. 71, 72 & 84.)[1]  Case number 2:23-cv-01014-WBS-KJN does not support Plaintiff's claim. And a "[d]ismissal based on frivolousness is appropriate where the claim is 'based on an indisputably meritless legal theory' or 'whose factual contentions are clearly baseless.'" *Neitzke*, 490 U.S. at 327. Plaintiff's claim is frivolous and based on a meritless legal theory, and any factual contentions are baseless.

Because Plaintiff's claim is frivolous, granting Plaintiff leave to amend his complaint would be futile. *See Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995). Therefore, the undersigned will recommend this action be dismissed.

### IV.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court **HEREBY RECOMMENDS** Plaintiff's claim in this action be dismissed as frivolous and that the case be closed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839

---

[1] The Court notes Plaintiff filed dozens of notices requesting immediate release in that action. (*See* 2:23-01014, Docket Entry Nos. 15, 17, 18, 23, 30, 32-38, 40, 45-52, 54-55, 57-58, 61-70, 73-81, 85 & 89.) None resulted in his release from incarceration.

(9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **April 3, 2026**                        /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE